The bill is one for a deed and mortgage and to rescind a contract. It sets forth the contract of the complainant husband to purchase from the defendants, and alleges that one of the conditions of the transaction was that the contract should be void unless the complainants should be able to secure municipal permission to construct upon a part of the premises to be conveyed a shop for the manufacturing of clothing. The provision of the contract with regard thereto was as follows:
"It is hereby understood and agreed by and between the parties hereto that the said party of the second part will make application forthwith, in writing, to the zoning board of the city of Passaic, and application to the building inspector for the obtaining of written permits to construct and erect a shop in the manufacturing of dresses in the rear of the premises herein described, and upon his failure to obtain such written permits from said building inspector or zoning board, then, in such event, the said party of the first part herewith agrees to and with the said party of the second part to return to him the deposit sum mentioned herein, to wit, the sum of one thousand [$1,000] dollars, without interest, it being distinctly understood, however, that the said party of the first part reserves herewith the right to co-operate with the said party of the second part in such manner as he shall see fit for the obtaining of said written permits as aforementioned, and upon obtaining such written permits prior to the date of closing of title mentioned herein, then in such event the said party of the second part shall not be entitled to the return of said deposit, or his heirs and assigns."
At the time for the passing of title, the defendant Paul L. Troast, or his agent (the other defendant being his wife, and, therefore, a merely formal party), assured the complainants that the necessary permission from the municipal authorities had been actually given. Thereupon, the necessary conveyance was executed and delivered and the complainants, in turn, executed the purchase-money required by the contract and paid over the requisite cash in addition to the deposit of $1,000 theretofore made. The bill further alleges that no such municipal permission had been given, nor has it ever been possible to secure the same since. The prayer is for a cancellation of the contract, deed and mortgage, and the return of the moneys paid to the defendants, together with the *Page 538 
expenses met by complainants in the effort to secure a building permit and the litigation entailed thereon, together with injunctive relief against foreclosing or assigning the said mortgage.
The first ground of demurrer avers that the bill sets forth no cause of action. This is overruled for the reasons that it clearly establishes fraud and breach of contract, as will more fully appear hereafter.
The second ground is, that the complainants charge the defendants with no wrongful act. This is covered by the ruling on the first ground.
The third ground is, that the bill is objectionable by reason of its containing irrelevant, scandalous and impertinent matters. It must be confessed that the bill is not drawn with that degree of art that might reasonably be expected and that many of the details are set forth with great verboseness. However, I am not prepared to say that it quite offends the rules of pleading to the extent necessary to be fatal.
The fourth ground charges the bill with being inconsistent with one of the schedules thereof. There is an inconsistency with regard to the participation of the defendants in their effort to secure a building contract, but it does not affect the merits of the bill.
The fifth ground says that the bill contains matters known to be untrue by the complainants. There is not a thing to substantiate this attack. There has been filed on behalf of the defendants two affidavits, but they cannot be given any effect. The attack on the bill is a motion in lieu of the ancient demurrer and must be decided by the allegations appearing on the face of that pleading. It is only in motions to strike on the ground of being sham or frivolous that recourse may be had by the proponent to proofs aliunde.
The sixth ground amounts, in effect, to a charge that the contract merged in the deed subsequently delivered by the defendants. This is not so. Ordinarily, when negotiations between parties are finally summed up in a written instrument it is considered that the instrument discloses, by its terms, all that the parties have agreed to. But, like all rules, *Page 539 
this one is subject to exceptions. The most satisfactory method of determining whether or not any preceding collateral element of negotiation has been abandoned is to observe whether or not it has been completely excluded from the final document. Even if it is collateral to the main subject, but is dealt with in the final writing, then, presumably, the writing was intended to express everything to which the parties had agreed as to that element of the transaction. But if the written instrument fails to make any mention of the extrinsic negotiation of a subject, then the presumption does not exist and parol proof thereof may be given, for the very reason that there was no merger. 5 Wigm. Ev. (2ded.) § 2430. To the same effect are Long v. Hartwell,34 N.J. Law 116; Merchants and Traders Development Co. v. MercerRealty Co., 99 N.J. Law 442; Ireland v. Penn Motors Corp.,100 N.J. Eq. 166.
The last ground is, that if the allegation of the bill are considered to be true, still they are illegal. So far as I am able to understand this point it has already been sufficiently covered. I know of no principle, rule or statute that makes any such contract illegal.
It is difficult to determine whether or not it is intended to be urged that the defendant Troast is not responsible for the fraudulent misrepresentation of his agent who was his father.Pom. Eq. Jur. § 909 says:
"An express ratification, however, is not necessary. If the principal receives and retains the proceeds of the agent's fraud — the property, money and the like obtained through an executed transaction — or claims the benefit of, or attempts to enforce an executory obligation thus procured, he renders himself liable for the fraudulent acts or his agent."
 The motion should be denied. *Page 540